UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: _____

INGE B. KRASICKI,

      Plaintiff,

v.

NOBLE HOUSE LITTLE PALM ISLAND, LLC
d/b/a LITTLE PALM ISLAND RESORT
& SPA and NOBLE HOUSE HOTELS &
RESORTS, LTD,

      Defendants.

_____/

## **COMPLAINT**

COMES NOW, Plaintiff, INGE B. KRASICKI ("KRASICKI"), and files her Complaint against Defendants, NOBLE HOUSE LITTLE PALM ISLAND, LLC d/b/a LITTLE PALM ISLAND RESORT & SPA ("LITTLE PALM RESORT LLC") and NOBLE HOUSE HOTELS & RESORTS, LTD ("LITTLE PALM RESORT LTD", and collectively with LITTLE PALM RESORT LLC, the "Defendants"), for violating the Equal Pay Act of 1963, as amended, 29 U.S.C. § 206(d) ("EPA"); Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* ("Title VII "); the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2615, *et seq.* ("FMLA"); and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et seq.* ("FCRA"), and alleges as follows:

1

**JURISDICTION & VENUE**

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 as this is an action brought to remedy unlawful employment practices pursuant to the Equal Pay Act, 29 U.S.C. § 206(d); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; and the Family and Medical Leave Act, 29 U.S.C. § 2615 *et seq.*, which present federal questions. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

2.     This Court has personal jurisdiction over Defendants because they conduct substantial business activities within this District by operating the LITTLE PALM ISLAND RESORT & SPA located at 28500 Overseas Highway, Little Torch Key, Florida 33042, and employed Plaintiff in this District.

3.     Plaintiff KRASICKI is *sui juris*, is a resident of this District.

4.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because LITTLE PALM RESORT LLC conducts business in this judicial district, the employment relationship and alleged discriminatory acts occurred in this judicial district, and Plaintiff resides in this judicial district.

5.     Venue is proper in the Southern District of Florida pursuant to 28 U.S.C. § 1391(b) because LITTLE PALM RESORT LTD conducts business in this judicial district, the employment relationship and alleged discriminatory acts occurred in this judicial district, and Plaintiff resides in this judicial district.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | www.cadoganlaw.com

## FACTUAL ALLEGATIONS

*Defendants and Business Operations*

6.      LITTLE PALM RESORT LLC and LITTLE PALM RESORT LTD operate a luxury private island RESORT located in the Florida Keys that provides hospitality services including accommodations, dining, spa services, and recreational activities to guests.

*Plaintiff's Employment and Position*

7.      KRASICKI is a woman.

8.      Prior to working at LITTLE PALM RESORT LLC and/or LITTLE PALM RESORT LTD, KRASICKI had extensive, relevant experience with interacting and engaging with high-profile clients and customers, primarily supporting high-profile entertainers such as singers, comedians, and bands.

9.      At all relevant times, on or about January 3, 2022, Defendants employed KRASICKI as a Concierge in the Guest Services Department at Defendants.

10.      KRASICKI's employment continued from January 31, 2022, through November 5, 2024, when Defendants wrongfully terminated her employment.

11.      As a Concierge, KRASICKI's duties and responsibilities included, but were not limited to:

      a.  Greeting and welcoming guests upon arrival;
      b.  Booking amenities packages and excursions for guests;
      c.  Performing room setup and turndown services;
      d.  Handling guest relations and addressing guest concerns;
      e.  Scheduling and rescheduling activities due to weather conditions;
      f.  Working as a dockhand when needed;

3

    g.  Serving as the guests' primary contact person for problems and room changes;

    h.  Coordinating with other departments to ensure guest satisfaction; and,

    i.  Processing guest requests and maintaining high levels of customer service.

12.    Throughout her employment, KRASICKI performed her duties well, earning commissions for her successful booking of guest activities and services.

*Male Comparator – Tomas Danna a/k/a TJ Danna*

13.    Mr. Danna, is a male who worked as a Concierge from approximately October 2023 through October 1, 2024.

14.    As a Concierge, Mr. Danna performed the same or substantially the same job duties and responsibilities as KRASICKI.

15.    While employed as a Concierge, Mr. Danna also occasionally filled in for additional roles, including Driver, Dockhand, Beach Attendant, and Dockmaster, which KRASICKI also performed from time to time.

16.    KRASICKI had a longer tenure in the concierge position than Mr. Danna and was specifically trained for the concierge role, yet was paid less than Mr. Danna for performing substantially the same work.

*Pay Disparity Between KRASICKI and Male Comparator*

17.    KRASICKI's starting wage as a Concierge was $17.00 per hour as of January 1, 2022.

18.    KRASICKI was notified of and received the following pay increases during her employment:

4

    a.   July 4, 2022: increased for cost of living to $17.43 per hour;

    b.   September 12, 2022: increased to $18.00 per hour;

    c.   July 3, 2023: increased for cost of living to $18.54 per hour; and

    d.   July 1, 2024: increased for cost of living to $19.10 per hour.

19.    In contrast, Mr. Danna's starting wage as a Concierge was $19.00 per hour, significantly higher than KRASICKI's starting wage.

20.    Mr. Danna's hourly rate for his position as Concierge was $21.16-$21.17 per hour.

21.    Despite KRASICKI having more relevant experience, longer tenure as a Concierge, and outperforming Mr. Danna in commission earnings, Defendants paid KRASICKI substantially less per hour than Mr. Danna for performing the same or substantially similar work.

22.    The pay disparity between KRASICKI and Mr. Danna was based on gender, as KRASICKI, a female employee, performed substantially the same work as her male counterpart but received lower compensation.

23.    Upon information and belief, Defendants paid other women concierges a lower hourly rate than the male concierges.

*Discovery of Pay Disparity and Protected Activity*

24.    On or about October 4, 2024, KRASICKI discovered the significant pay disparity between her compensation and that of her male counterpart, Mr. Danna.

5

25.     Mr. Danna informed KRASICKI that he earned a higher hourly rate than her.

26.     On November 7, 2023, KRASICKI requested a raise from her supervisors but was denied due to the gender pay disparity.

27.     On October 31, 2024, KRASICKI met with Matt Trahan (VP), Dorothy Rahn (HR Director), and Holle Campbell (RESORT  Manager) where she complained about the unequal pay between herself and her male counterpart.

28.     During this meeting, KRASICKI specifically requested a raise and asked to be paid equally to her male coworker.

29.     On November 4, 2024, KRASICKI made additional complaints to management about not receiving the requested raise and about the unequal pay compared to her male coworker.

30.     These complaints about sex-based pay discrimination constituted protected activity under the Equal Pay Act, the FCRA, and Title VII.

*FMLA Leave Requests*

31.     On October 2, 2024, KRASICKI emailed her request for Family and Medical Leave Act (FMLA) leave to care for her mother to Dorothy Rahn, HR Director, who had been diagnosed with breast cancer and was believed to be starting chemotherapy treatment on or around October 21, 2024.

32.     KRASICKI received a Notice of Eligibility dated October 3, 2024.

33.     On October 29, 2024, KRASICKI submitted an FMLA request for leave for new

Cadogan Law | 1200 S. Pine Island Road, Suite 370 | Plantation, FL 33324  |  T: 954.606.5891  |  www.cadoganlaw.com

dates from November 7-18, 2024, which was immediately approved by Defendants.

34.    KRASICKI's requests for FMLA leave were for qualifying reasons under the statute and were properly approved by LITTLE PALM.

*Retaliation and Termination*

35.    On November 4, 2024, KRASICKI was involved in a discussion with Holle Campbell (RESORT  Manager) and Jazmine Livingston (concierge) regarding the inequity of including a new trainee employee in a service charge, when that had not been done historically. Upon information and belief, Dorothy Rahm was within earshot in the next office for all or part of the discussion.

36.    During this discussion, KRASICKI discussed the propriety of including a new employee in the commission pool since that employee was still being trained, which was not consistent with what had previously been done.

37.    During this same conversation, Jazmine Livingston told Ms. Campbell that Ms. Campbell was not a leader and did not know how to do the concierge job.

38.    Ms. Livingstone was not fired, whereas Defendants immediately fired KRASICKI.

39.    Notably, unlike KRASICKI, Ms. Livingston did not seek FMLA leave, nor did she complain about unequal treatment motivated by gender.

40.    On November 5, 2024, just two days before her approved FMLA leave was to begin, Defendants terminated KRASICKI's employment.

Cadogan Law | 1200 S. Pine Island Road, Suite 370 | Plantation, FL 33324  |  T: 954.606.5891  |  www.cadoganlaw.com

41.     The stated reason for termination was "continued resistance to bring positive, respectful attitude" and "unprofessional communications."

42.     The timing of KRASICKI's termination, occurring one day after her pay complaints and two days before her approved FMLA leave, demonstrates retaliatory intent.

43.     Defendants' decision to terminate KRASICKI while not similarly disciplining her coworker, who did not exert her rights under the FMLA nor complain about differential treatment motivated by gender, for the same conduct further evidences retaliatory treatment.

44.     Defendants' termination of KRASICKI was in retaliation for her protected activity of opposing sex-based pay discrimination and her exercise of FMLA rights.

## CONDITIONS PRECEDENT

45.     KRASICKI has complied with all conditions precedent in filing this action, or they have been excused or waived.

## ATTORNEYS' FEES

46.     KRASICKI has retained the undersigned counsel and has agreed to pay them reasonable attorneys' fees.

## COUNT I - VIOLATION OF THE EQUAL PAY ACT AGAINST LITTLE PALM RESORT LLC

47.     KRASICKI repeats and realleges all allegations made in paragraphs 1 through 46 of this Complaint.

48.     As a woman, KRASICKI is a member of a protected category under the Equal

8

Pay Act.

49.     KRASICKI performed the same or substantially the same job duties as her male counterpart, Mr. Danna.

50.     Both KRASICKI and Mr. Danna worked as Concierges and performed identical duties, including greeting guests, booking amenities and excursions, room setup and turndown services, guest relations, and working as dockhands when needed.

51.     The jobs performed by KRASICKI and Mr. Danna required equal skill, effort, and responsibility and were performed under similar working conditions at the same establishment.

52.     At all relevant times, KRASICKI was paid less than Mr. Danna despite performing the same or substantially the same work, with Mr. Danna earning $19.00 per hour starting wage compared to KRASICKI's $17.00 per hour, and Mr. Danna earning up to $21.17 per hour as a Concierge while KRASICKI earned only $19.10 per hour by the end of her employment.

53.     LITTLE PALM RESORT LLC cannot establish any legitimate reason for the wage differential based on seniority, merit, quantity or quality of production, or any factor other than sex.

54.     The wage differential between KRASICKI and Mr. Danna was based solely on gender in violation of 29 U.S.C. § 206(d).

55.     LITTLE PALM RESORT LLC knew or should have known that its failure to

Cadogan Law | 1200 S. Pine Island Road, Suite 370 | Plantation, FL 33324 | T: 954.606.5891 | www.cadoganlaw.com

pay KRASICKI equal pay for substantially equal work was a willful violation of the Equal Pay Act.

56.     As a direct and proximate result of LITTLE PALM RESORT LLC's violations of the Equal Pay Act, KRASICKI has suffered and continues to suffer economic damages, including lost wages and benefits.

57.     KRASICKI is entitled to liquidated damages in an amount equal to the unpaid wages due to the willful nature of LITTLE PALM RESORT LLC's violations.

58.     KRASICKI is entitled to reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, as to Count I, Plaintiff, INGE B. KRASICKI, respectfully requests that this Court grant judgment in her favor and against Defendant, NOBLE HOUSE LITTLE PALM ISLAND, LLC  d/b/a LITTLE PALM ISLAND RESORT & SPA, and award back pay, liquidated damages, interest, attorneys' fees pursuant to 29 U.S.C. § 216(b), costs, and such other further relief that this Court deems just, equitable, and proper.

## COUNT II - SEX DISCRIMINATION IN VIOLATION OF TITLE VII AGAINST LITTLE PALM RESORT LLC

59.     KRASICKI repeats and realleges all allegations made in paragraphs 1 through 46 of this Complaint.

60.     At all times pertinent hereto, LITTLE PALM RESORT LLC had been engaged in an industry affecting commerce and has had fifteen or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | www.cadoganlaw.com

61.     KRASICKI is a woman and a member of a protected class under Title VII.

62.     KRASICKI was qualified for her position as Concierge and performed her job duties competently throughout her employment.

63.     Despite her qualifications and competent job performance, KRASICKI was subjected to adverse employment action in the form of discriminatory compensation practices.

64.     LITTLE PALM RESORT LLC paid KRASICKI less than her male counterpart, Mr. Danna, for performing substantially the same work under the same conditions.

65.     LITTLE PALM RESORT LLC's treatment of KRASICKI was less favorable than the treatment of a similarly situated male employee.

66.     The circumstances surrounding LITTLE PALM RESORT LLC's discriminatory compensation practices give rise to an inference of discrimination based on sex.

67.     Any legitimate, non-discriminatory reasons offered by LITTLE PALM RESORT LLC for the pay disparity are pretextual and were not the true reason for the differential treatment.

68.     LITTLE PALM RESORT LLC's conduct was intentional and constituted disparate treatment based on KRASICKI's sex in violation of Title VII.

69.     As a direct and proximate result of LITTLE PALM RESORT LLC's discrimination, KRASICKI has suffered economic damages, including lost wages and

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | www.cadoganlaw.com

benefits, as well as non-economic damages, including emotional distress, humiliation, and mental anguish.

70.     LITTLE PALM RESORT LLC's conduct was malicious or in reckless disregard of KRASICKI's federally protected rights, warranting punitive damages.

71.     KRASICKI is entitled to reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, as to Count II, Plaintiff, INGE B. KRASICKI, respectfully requests that this Court grant judgment in her favor and against Defendant, NOBLE HOUSE LITTLE PALM ISLAND, LLC d/b/a LITTLE PALM ISLAND RESORT & SPA, and award damages including but not limited to back pay, front pay, compensatory damages, punitive damages, attorneys' fees pursuant to 42 U.S.C. § 1988, costs, interest, and such other further relief that this Court deems just, equitable, and proper.

## COUNT III - RETALIATION IN VIOLATION OF TITLE VII AGAINST LITTLE PALM RESORT LLC

72.     Plaintiff repeats and realleges all allegations made in paragraphs 1 through 46 of this Complaint.

73.     At all times pertinent hereto, LITTLE PALM RESORT LLC had been engaged in an industry affecting commerce and has had fifteen or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

74.     KRASICKI engaged in protected activity under Title VII by opposing sex-based pay discrimination to LITTLE PALM RESORT LLC's management.

75.     Specifically, on October 31, 2024, Krasicki complained to Matt Trahan (VP), Dorothy Rahn (HR Director), and Holle Campbell (Resort Manager) about the unequal pay between herself and her male counterpart, requesting equal compensation.

76.     On November 4, 2024, KRASICKI made additional complaints to management about not receiving equal pay compared to her male coworker, who performed substantially the same work.

77.     LITTLE PALM RESORT LLC knew about KRASICKI's protected activity as her complaints were made directly to senior management and HR personnel.

78.     Following her protected activity, LITTLE PALM RESORT LLC subjected KRASICKI to adverse employment action by terminating her employment on November 5, 2024, for pretextual reasons.

79.     The temporal proximity between KRASICKI's complaints about sex discrimination and her termination establishes a causal connection between the protected activity and the adverse action.

80.     The stated reasons for KRASICKI's termination are pretextual, as evidenced by the fact that a coworker, who did not exercise FMLA rights nor opposed differential treatment motivated by gender, was not similarly disciplined.

81.     LITTLE PALM RESORT LLC's termination of KRASICKI was in retaliation for her protected activity of opposing sex-based pay discrimination.

82.     As a direct and proximate result of LITTLE PALM RESORT LLC's retaliation,

Cadogan Law | 1200 S. Pine Island Road, Suite 370 | Plantation, FL 33324 | T: 954.606.5891 | www.cadoganlaw.com

KRASICKI has suffered economic damages, including lost wages and benefits, as well as non-economic damages, including emotional distress, humiliation, and mental anguish.

83.     LITTLE PALM RESORT LLC's conduct was malicious or in reckless disregard of KRASICKI's federally protected rights, warranting punitive damages.

84.     KRASICKI is entitled to reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, as to Count III, Plaintiff, INGE B. KRASICKI, respectfully requests that this Court grant judgment in her favor and against Defendant, NOBLE HOUSE LITTLE PALM ISLAND, LLC d/b/a LITTLE PALM ISLAND RESORT & SPA, and award damages including but not limited to back pay, front pay, compensatory damages, punitive damages, attorneys' fees pursuant to 42 U.S.C. § 1988, costs, interest, and such other further relief that this Court deems just, equitable, and proper.

## COUNT IV - FMLA INTERFERENCE AGAINST LITTLE PALM RESORT LLC

85.     Plaintiff repeats and realleges all allegations made in paragraphs 1 through 46 of this Complaint.

86.     At all relevant times, LITTLE PALM RESORT LLC were covered employers under the FMLA.

87.     KRASICKI was an eligible employee under the FMLA, having been employed by LITTLE PALM RESORT LLC for more than twelve months and having worked more than 1,250 hours during the twelve-month period preceding her leave

Cadogan Law | 1200 S. Pine Island Road, Suite 370 | Plantation, FL 33324 | T: 954.606.5891 | www.cadoganlaw.com

request.

88.     KRASICKI requested FMLA leave for qualifying reasons, specifically to care for her mother, who had been diagnosed with breast cancer and would need assistance while undergoing chemotherapy treatment.

89.     On October 2, 2024, KRASICKI properly requested FMLA leave, for which she received a Notice of Eligibility dated October 3, 2024.

90.     On October 29, 2024, KRASICKI requested revised FMLA leave dates from November 7-18, 2024, which were immediately approved by LITTLE PALM RESORT LLC.

91.     KRASICKI was entitled to take FMLA leave for the approved periods and to be restored to her position or an equivalent position upon her return.

92.     LITTLE PALM RESORT LLC interfered with KRASICKI's FMLA rights by terminating her employment on November 5, 2024, just two days before her approved FMLA leave was to begin.

93.     LITTLE PALM RESORT LLC's termination of KRASICKI prevented her from taking her approved FMLA leave and denied her the right to job restoration upon return from leave.

94.     LITTLE PALM RESORT LLC's interference with KRASICKI's FMLA rights was willful and in violation of 29 U.S.C. § 2615.

95.     As a direct and proximate result of LITTLE PALM RESORT LLC's FMLA interference, KRASICKI has suffered economic damages, including lost wages and benefits.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | www.cadoganlaw.com

96.     KRASICKI is entitled to liquidated damages due to the willful nature of LITTLE PALM RESORT LLC's FMLA violations pursuant to 29 U.S.C. § 2617.

97.     KRASICKI is entitled to reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 2617.

WHEREFORE, as to Count IV, Plaintiff, INGE B. KRASICKI, respectfully requests that this Court grant judgment in her favor and against Defendant, NOBLE HOUSE LITTLE PALM ISLAND, LLC d/b/a LITTLE PALM ISLAND RESORT & SPA, and award back pay, liquidated damages, interest, attorneys' fees pursuant to 29 U.S.C. § 2617, costs, and such other further relief that this Court deems just, equitable, and proper.

## COUNT V - FMLA RETALIATION AGAINST LITTLE PALM RESORT LLC

98.     KRASICKI repeats and realleges all allegations made in paragraphs 1 through 46 of this Complaint.

99.     At all relevant times, LITTLE PALM RESORT LLC was a covered employer under the FMLA.

100.     KRASICKI engaged in protected activity under the FMLA by requesting and obtaining approval for family medical leave to care for her mother with breast cancer.

101.     LITTLE PALM RESORT LLC knew KRASICKI's FMLA leave requests and approved her requests on October 3, 2024 and October 29, 2024.

102.     LITTLE PALM RESORT LLC subjected KRASICKI to adverse employment action by terminating her employment on November 5, 2024.

Cadogan Law | 1200 S. Pine Island Road, Suite 370 | Plantation, FL 33324 | T: 954.606.5891 | www.cadoganlaw.com

103.     The temporal proximity between KRASICKI's FMLA leave requests and her termination, occurring just two days before her approved leave was to begin, establishes a causal connection between her protected activity and the adverse action.

104.     LITTLE PALM RESORT LLC's stated reasons for termination are pretextual, particularly given the timing of the termination in relation to KRASICKI's approved FMLA leave.

105.     LITTLE PALM RESORT LLC terminated KRASICKI in retaliation for her exercise of rights under the FMLA.

106.     As a direct and proximate result of LITTLE PALM RESORT LLC's retaliation, KRASICKI has suffered economic damages, including lost wages and benefits, as well as non-economic damages.

107.     LITTLE PALM RESORT LLC's conduct was willful and in violation of 29 U.S.C. § 2615.

108.     KRASICKI is entitled to liquidated damages due to the willful nature of LITTLE PALM RESORT LLC's FMLA violations pursuant to 29 U.S.C. § 2617.

109.     KRASICKI is entitled to reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 2617.

WHEREFORE, as to Count V, Plaintiff, INGE B. KRASICKI, respectfully requests that this Court grant judgment in her favor and against Defendant, NOBLE HOUSE LITTLE PALM ISLAND, LLC d/b/a LITTLE PALM ISLAND RESORT & SPA, and award back pay,

liquidated damages, interest, attorneys' fees pursuant to 29 U.S.C. § 2617, costs, and such other further relief that this Court deems just, equitable, and proper.

## COUNT VI - SEX DISCRIMINATION IN VIOLATION OF FCRA AGAINST LITTLE PALM RESORT LLC

110.    Plaintiff repeats and realleges all allegations made in paragraphs 1 through 46 of this Complaint.

111.    At all times pertinent hereto, LITTLE PALM RESORT LLC has employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and is covered under the FCRA.

112.    KRASICKI is a woman and a member of a protected class under the FCRA.

113.    KRASICKI was qualified for her position and performed her job duties competently throughout her employment.

114.    Despite her qualifications and performance, KRASICKI was subjected to adverse employment action in the form of discriminatory compensation and ultimate termination.

115.    LITTLE PALM RESORT LLC paid KRASICKI substantially less than her male counterpart for performing substantially the same work, constituting sex discrimination in compensation.

116.    LITTLE PALM RESORT LLC's treatment of KRASICKI was less favorable than the treatment of similarly situated male employees.

117.    The    circumstances    surrounding    LITTLE    PALM    RESORT    LLC's

18

discriminatory practices give rise to an inference of discrimination based on sex.

118.    Any legitimate, non-discriminatory reasons offered by LITTLE PALM RESORT LLC are pretextual and were not the true reason for the differential treatment.

119.    LITTLE PALM RESORT LLC's conduct constituted intentional discrimination based on KRASICKI's gender in violation of Florida Statute § 760.10.

120.    As a direct and proximate result of LITTLE PALM RESORT LLC's discrimination, KRASICKI has suffered economic and non-economic damages.

121.    KRASICKI is entitled to reasonable attorneys' fees and costs pursuant to Florida Statute § 760.11.

WHEREFORE, as to Count VI, Plaintiff, INGE B. KRASICKI, respectfully requests that this Court grant judgment in her favor and against Defendant, NOBLE HOUSE LITTLE PALM ISLAND, LLC d/b/a LITTLE PALM ISLAND RESORT & SPA, and award damages including but not limited to back pay, front pay, compensatory damages, attorneys' fees pursuant to Fla. Stat. § 760.11, costs, interest, and such other further relief that this Court deems just, equitable, and proper.

## COUNT VII – RETALIATION IN VIOLATION OF FCRA AGAINST LITTLE PALM RESORT LLC

122.    KRASICKI repeats and realleges all allegations made in paragraphs 1 through 46 of this Complaint.

123.    At all times pertinent hereto, LITTLE PALM RESORT LLC has employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current

19

or preceding calendar year, and is covered under the FCRA.

124.    KRASICKI engaged in protected activity under the FCRA by opposing sex-based pay discrimination.

125.    LITTLE PALM RESORT LLC had knowledge of KRASICKI's protected activity through her complaints to management about unequal pay.

126.    Following her protected activity, LITTLE PALM RESORT LLC terminated KRASICKI's employment in retaliation.

127.    The temporal proximity between KRASICKI's complaints and her termination establishes a causal connection between the protected activity and adverse action.

128.    LITTLE PALM RESORT LLC's stated reasons for termination are pretextual.

129.    LITTLE PALM RESORT LLC terminated KRASICKI in retaliation for her protected activity in violation of Florida Statute § 760.10.

130.    As a direct and proximate result of LITTLE PALM RESORT LLC's retaliation, KRASICKI has suffered economic and non-economic damages.

131.    KRASICKI is entitled to reasonable attorneys' fees and costs pursuant to Florida Statute § 760.11.

WHEREFORE, as to Count VII, Plaintiff, INGE B. KRASICKI, respectfully requests that this Court grant judgment in her favor and against Defendant, NOBLE HOUSE LITTLE PALM ISLAND, LLC, and award damages including but not limited to back pay, front pay,

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | www.cadoganlaw.com

compensatory damages, attorneys' fees pursuant to Fla. Stat. § 760.11, costs, interest, and such other further relief that this Court deems just, equitable, and proper.

## COUNT VIII - VIOLATION OF THE EQUAL PAY ACT AGAINST LITTLE PALM RESORT LTD

132.    KRASICKI repeats and realleges all allegations made in paragraphs 1 through 46 of this Complaint.

133.    As a woman, KRASICKI is a member of a protected category under the Equal Pay Act.

134.    KRASICKI performed the same or substantially the same job duties as her male counterpart, Mr. Danna.

135.    Both KRASICKI and Mr. Danna worked as Concierges and performed identical duties, including greeting guests, booking amenities and excursions, room setup and turndown services, guest relations, and working as dockhands when needed.

136.    The jobs performed by KRASICKI and Mr. Danna required equal skill, effort, and responsibility and were performed under similar working conditions at the same establishment.

137.    At all relevant times, KRASICKI was paid less than Mr. Danna despite performing the same or substantially the same work, with Mr. Danna earning $19.00 per hour starting wage compared to KRASICKI's $17.00 per hour, and Mr. Danna earning up to $21.17 per hour as a Concierge while KRASICKI earned only $19.10 per hour by the end of her employment..

21

138.    LITTLE PALM RESORT LTD cannot establish any legitimate reason for the wage differential based on seniority, merit, quantity or quality of production, or any factor other than sex.

139.    The wage differential between KRASICKI and Mr. Danna was based solely on gender in violation of 29 U.S.C. § 206(d).

140.    LITTLE PALM RESORT LTD knew or should have known that its failure to pay KRASICKI equal pay for substantially equal work was a willful violation of the Equal Pay Act.

141.    As a direct and proximate result of LITTLE PALM RESORT LTD's violations of the Equal Pay Act, KRASICKI has suffered and continues to suffer economic damages, including lost wages and benefits.

142.    KRASICKI is entitled to liquidated damages in an amount equal to the unpaid wages due to the willful nature of LITTLE PALM RESORT LTD's violations.

143.    KRASICKI is entitled to reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, as to Count VIII, Plaintiff, INGE B. KRASICKI, respectfully requests that this Court grant judgment in her favor and against Defendant, NOBLE HOUSE HOTELS &  RESORTS, LTD, and award back pay, liquidated damages, interest, attorneys' fees pursuant to 29 U.S.C. § 216(b), costs, and such other further relief that this Court deems just, equitable, and proper.

Cadogan Law | 1200 S. Pine Island Road, Suite 370 | Plantation, FL 33324 | T: 954.606.5891 | www.cadoganlaw.com

## COUNT IX - SEX DISCRIMINATION IN VIOLATION OF TITLE VII AGAINST LITTLE PALM RESORT LTD

144.     KRASICKI repeats and realleges all allegations made in paragraphs 1 through 46 of this Complaint.

145.     At all times pertinent hereto, LITTLE PALM RESORT LTD had been engaged in an industry affecting commerce and has had fifteen or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

146.     KRASICKI is a woman and a member of a protected class under Title VII.

147.     KRASICKI was qualified for her position as Concierge and performed her job duties competently throughout her employment.

148.     Despite her qualifications and competent job performance, KRASICKI was subjected to adverse employment action in the form of discriminatory compensation practices.

149.     LITTLE PALM RESORT LTD paid KRASICKI less than her male counterpart, Mr. Danna, for performing substantially the same work under the same conditions.

150.     LITTLE PALM RESORT LTD's treatment of KRASICKI was less favorable than the treatment of a similarly situated male employee.

151.     The circumstances surrounding LITTLE PALM RESORT LTD's discriminatory compensation practices give rise to an inference of discrimination based on sex.

152.     Any legitimate, non-discriminatory reasons offered by LITTLE PALM

23

RESORT LTD for the pay disparity are pretextual and were not the true reason for the differential treatment.

153.    LITTLE PALM RESORT LTD's conduct was intentional and constituted disparate treatment based on KRASICKI's sex in violation of Title VII.

154.    As a direct and proximate result of LITTLE PALM RESORT LTD's discrimination, KRASICKI has suffered economic damages, including lost wages and benefits, as well as non-economic damages, including emotional distress, humiliation, and mental anguish.

155.    LITTLE PALM RESORT LTD's conduct was malicious or in reckless disregard of KRASICKI's federally protected rights, warranting punitive damages.

156.    KRASICKI is entitled to reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, as to Count IX, Plaintiff, INGE B. KRASICKI, respectfully requests that this Court grant judgment in her favor and against Defendant, NOBLE HOUSE HOTELS &  RESORTS, LTD, and award damages including but not limited to back pay, front pay, compensatory damages, punitive damages, attorneys' fees pursuant to 42 U.S.C. § 1988, costs, interest, and such other further relief that this Court deems just, equitable, and proper.

## COUNT X - RETALIATION IN VIOLATION OF TITLE VII AGAINST LITTLE PALM RESORT LTD

157.    Plaintiff repeats and realleges all allegations made in paragraphs 1 through 46

24

of this Complaint.

158.    At all times pertinent hereto, LITTLE PALM RESORT LTD had been engaged in an industry affecting commerce and has had fifteen or more employees for each working day in each of 20 or more calendar weeks in the current or preceding year.

159.    KRASICKI engaged in protected activity under Title VII by opposing sex-based pay discrimination to LITTLE PALM RESORT LTD's management.

160.    Specifically, on October 31, 2024, KRASICKI complained to Matt Trahan (VP), Dorothy Rahn (HR Director), and Holle Campbell (RESORT Manager) about unequal pay between herself and her male counterpart and requested equal compensation.

161.    On November 4, 2024, KRASICKI made additional complaints to management about not receiving equal pay compared to her male coworker, who performed substantially the same work.

162.    LITTLE PALM RESORT LTD knew about KRASICKI's protected activity as her complaints were made directly to senior management and HR personnel.

163.    Following her protected activity, LITTLE PALM RESORT LTD subjected KRASICKI to adverse employment action by terminating her employment on November 5, 2024, for pretextual reasons.

164.    The temporal proximity between KRASICKI's complaints about sex discrimination and her termination establishes a causal connection between the protected activity and the adverse action.

Cadogan Law | 1200 S. Pine Island Road, Suite 370 | Plantation, FL 33324 | T: 954.606.5891 | www.cadoganlaw.com

165.    The stated reasons for KRASICKI's termination are pretextual, as evidenced by the fact that a coworker, who did not exercise FMLA rights nor opposed differential treatment motivated by gender, was not similarly disciplined.

166.    LITTLE PALM RESORT LTD's termination of KRASICKI was in retaliation for her protected activity of opposing sex-based pay discrimination.

167.    As a direct and proximate result of LITTLE PALM RESORT LTD's retaliation, KRASICKI has suffered economic damages, including lost wages and benefits, as well as non-economic damages, including emotional distress, humiliation, and mental anguish.

168.    LITTLE PALM RESORT LTD's conduct was malicious or in reckless disregard of KRASICKI's federally protected rights, warranting punitive damages.

169.    KRASICKI is entitled to reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988.

WHEREFORE, as to Count X, Plaintiff, INGE B. KRASICKI, respectfully requests that this Court grant judgment in her favor and against Defendant, NOBLE HOUSE HOTELS &  RESORTS, LTD, and award damages including but not limited to back pay, front pay, compensatory damages, punitive damages, attorneys' fees pursuant to 42 U.S.C. § 1988, costs, interest, and such other further relief that this Court deems just, equitable, and proper.

## COUNT XI - FMLA INTERFERENCE AGAINST LITTLE PALM RESORT LTD

170.    Plaintiff repeats and realleges all allegations made in paragraphs 1 through

26

46 of this Complaint.

171.     At all relevant times, LITTLE PALM RESORT LTD were covered employers under the FMLA.

172.     KRASICKI was an eligible employee under the FMLA, having been employed by LITTLE PALM RESORT LTD for more than twelve months and having worked more than 1,250 hours during the twelve-month period preceding her leave request.

173.     KRASICKI requested FMLA leave for qualifying reasons, specifically to care for her mother, who had been diagnosed with breast cancer and would need assistance while undergoing chemotherapy treatment.

174.     On October 2, 2024, KRASICKI properly requested FMLA leave, for which she received a Notice of Eligibility dated October 3, 2024.

175.     On October 29, 2024, KRASICKI requested revised FMLA leave dates from November 7-18, 2024, which were immediately approved by LITTLE PALM RESORT LTD.

176.     KRASICKI was entitled to take FMLA leave for the approved periods and to be restored to her position or an equivalent position upon her return.

177.     LITTLE PALM RESORT LTD interfered with KRASICKI's FMLA rights by terminating her employment on November 5, 2024, just two days before her approved FMLA leave was to begin.

178.     LITTLE PALM RESORT LTD's termination of KRASICKI prevented her

from taking her approved FMLA leave and denied her the right to job restoration upon return from leave.

179.     LITTLE PALM RESORT LTD's interference with KRASICKI's FMLA rights was willful and in violation of 29 U.S.C. § 2615.

180.     As a direct and proximate result of LITTLE PALM RESORT LTD's FMLA interference, KRASICKI has suffered economic damages, including lost wages and benefits.

181.     KRASICKI is entitled to liquidated damages due to the willful nature of LITTLE PALM RESORT LTD's FMLA violations pursuant to 29 U.S.C. § 2617.

182.     KRASICKI is entitled to reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 2617.

WHEREFORE, as to Count XI, Plaintiff, INGE B. KRASICKI, respectfully requests that this Court grant judgment in her favor and against Defendant, NOBLE HOUSE HOTELS &  RESORTS, LTD, and award back pay, liquidated damages, interest, attorneys' fees pursuant to 29 U.S.C. § 2617, costs, and such other further relief that this Court deems just, equitable, and proper.

## COUNT XII - FMLA RETALIATION AGAINST LITTLE PALM RESORT LTD

183.     KRASICKI repeats and realleges all allegations made in paragraphs 1 through 46 of this Complaint.

184.     At all relevant times, LITTLE PALM RESORT LTD was a covered employer under the FMLA.

Cadogan Law | 1200 S. Pine Island Road, Suite 370 | Plantation, FL 33324  |  T: 954.606.5891  |  www.cadoganlaw.com

185.    KRASICKI engaged in protected activity under the FMLA by requesting and obtaining approval for family medical leave to care for her mother with breast cancer.

186.    LITTLE PALM RESORT LTD knew KRASICKI's FMLA leave requests and approved her requests on October 3, 2024 and October 29, 2024.

187.    LITTLE PALM RESORT LTD subjected KRASICKI to adverse employment action by terminating her employment on November 5, 2024.

188.    The temporal proximity between KRASICKI's FMLA leave requests and her termination, occurring just two days before her approved leave was to begin, establishes a causal connection between her protected activity and the adverse action.

189.    LITTLE PALM RESORT LTD's stated reasons for termination are pretextual, particularly given the timing of the termination in relation to KRASICKI's approved FMLA leave.

190.    LITTLE PALM RESORT LTD terminated KRASICKI in retaliation for her exercise of rights under the FMLA.

191.    As a direct and proximate result of LITTLE PALM RESORT LTD's retaliation, KRASICKI has suffered economic damages, including lost wages and benefits, as well as non-economic damages.

192.    LITTLE PALM RESORT LTD's conduct was willful and in violation of 29 U.S.C. § 2615.

193.    KRASICKI is entitled to liquidated damages due to the willful nature of

29

LITTLE PALM RESORT LTD's FMLA violations pursuant to 29 U.S.C. § 2617.

194.     KRASICKI is entitled to reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 2617.

WHEREFORE, as to Count XII, Plaintiff, INGE B. KRASICKI, respectfully requests that this Court grant judgment in her favor and against Defendant, NOBLE HOUSE HOTELS &  RESORTS, LTD, and award back pay, liquidated damages, interest, attorneys' fees pursuant to 29 U.S.C. § 2617, costs, and such other further relief that this Court deems just, equitable, and proper.

## COUNT XIII - SEX DISCRIMINATION IN VIOLATION OF FCRA AGAINST LITTLE PALM RESORT LTD

195.     Plaintiff repeats and realleges all allegations made in paragraphs 1 through 46 of this Complaint.

196.     At all times pertinent hereto, LITTLE PALM RESORT LTD has employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and is covered under the FCRA.

197.     KRASICKI is a woman and a member of a protected class under the FCRA.

198.     KRASICKI was qualified for her position and performed her job duties competently throughout her employment.

199.     Despite her qualifications and performance, KRASICKI was subjected to adverse employment action in the form of discriminatory compensation and ultimate termination.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370 | PLANTATION, FL 33324 | T: 954.606.5891 | www.cadoganlaw.com

200.     LITTLE PALM RESORT LTD paid KRASICKI substantially less than her male counterpart for performing substantially the same work, constituting sex discrimination in compensation.

201.     LITTLE PALM RESORT LTD's treatment of KRASICKI was less favorable than the treatment of similarly situated male employees.

202.     The circumstances surrounding LITTLE PALM RESORT LTD's discriminatory practices give rise to an inference of discrimination based on sex.

203.     Any legitimate, non-discriminatory reasons offered by LITTLE PALM RESORT LTD are pretextual and were not the true reason for the differential treatment.

204.     LITTLE PALM RESORT LTD's conduct constituted intentional discrimination based on KRASICKI's sex in violation of Florida Statute § 760.10.

205.     As a direct and proximate result of LITTLE PALM RESORT LTD's discrimination, KRASICKI has suffered economic and non-economic damages.

206.     KRASICKI is entitled to reasonable attorneys' fees and costs pursuant to Florida Statute § 760.11.

WHEREFORE, as to Count XIII, Plaintiff, INGE B. KRASICKI, respectfully requests that this Court grant judgment in her favor and against Defendant, NOBLE HOUSE HOTELS &  RESORTS, LTD, and award damages including but not limited to back pay, front pay, compensatory damages, attorneys' fees pursuant to Fla. Stat. § 760.11, costs, interest, and such other further relief that this Court deems just, equitable, and proper.

CADOGAN LAW | 1200 S. PINE ISLAND ROAD, SUITE 370| PLANTATION, FL 33324  | T: 954.606.5891  |  www.cadoganlaw.com

## COUNT XIV – RETALIATION IN VIOLATION OF FCRA AGAINST LITTLE PALM RESORT LLC

207.     KRASICKI repeats and realleges all allegations made in paragraphs 1 through 46 of this Complaint.

208.     At all times pertinent hereto, LITTLE PALM RESORT LTD has employed 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and is covered under the FCRA.

209.     KRASICKI engaged in protected activity under the FCRA by opposing sex-based pay discrimination.

210.     LITTLE PALM RESORT LTD had knowledge of KRASICKI's protected activity through her complaints to management about unequal pay.

211.     Following her protected activity, LITTLE PALM RESORT LTD terminated KRASICKI's employment in retaliation.

212.     The temporal proximity between KRASICKI's complaints and her termination establishes a causal connection between the protected activity and adverse action.

213.     LITTLE PALM RESORT LTD's stated reasons for termination are pretextual.

214.     LITTLE PALM RESORT LTD terminated KRASICKI in retaliation for her protected activity in violation of Florida Statute § 760.10.

215.     As a direct and proximate result of LITTLE PALM's retaliation, KRASICKI has suffered economic and non-economic damages.

32

216.    KRASICKI is entitled to reasonable attorneys' fees and costs pursuant to Florida Statute § 760.11.

WHEREFORE, as to Count XIV, Plaintiff, INGE B. KRASICKI, respectfully requests that this Court grant judgment in her favor and against Defendant, NOBLE HOUSE HOTELS &  RESORTS, LTD, and award damages including but not limited to back pay, front pay, compensatory damages, attorneys' fees pursuant to Fla. Stat. § 760.11, costs, interest, and such other further relief that this Court deems just, equitable, and proper.

## JURY TRIAL DEMAND

Plaintiff, INGE B. KRASICKI, demands a trial by jury on all issues so triable.


Date: October 8, 2025                    Respectfully submitted,

                                         */s/ Samara Bober*
                                         SAMARA BOBER, ESQ.
                                         Florida Bar No. 156248
                                         BOBER & BOBER, P.A.
                                         4000 Stirling Road, Suite 555-S
                                         Hollywood, FL 33021
                                         Tel: (954) 922-2298
                                         Email: samara@boberlaw.com

                                         */s/ Gina M. Cadogan*
                                         GINA M. CADOGAN, ESQ.
                                         Florida Bar No. 177350
                                         CADOGAN LAW
                                         1200 S. Pine Island Road, Suite 370
                                         Plantation, FL 33324
                                         Tel: (954) 606-5891
                                         Email: gina@cadoganlaw.com

                                         *Attorneys for Plaintiff*